No.  12,080.

WHEELING POTTERY COMPANY VS. R. LEVI & CO.

A petition is part of the record, when it is delivered to the proper officer, in his office, and it is by him received to be kept on file.

A *fi. fa.* prematurely issued is a mere irregularity. If he suffers the delay to expire without any action, he waives the prematurity.

The sheriff may return the writ, *nulla bona*, under the instructions of the plaintiff, immediately after it has become evident that the debtor has no property which can be seized.

The defendants having failed to point out property, the sheriff was not bound to seize property under attachment.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Ernest T. Florance* for Plaintiff, Appellee.

*Bernard Titche* for Defendants, Appellants.

Argued and submitted April 8, 1896.
Opinion handed down April 20, 1896.

The opinion of the court was delivered by

BREAUX, J.   From a judgment ordering the defendants to file a list of their creditors, defendants appeal.

The exceptions filed are: That no petition by plaintiffs or order of the court was filed; that the *fi. fa.* issued within the ten days after the signature of the judgment; that plaintiff had no right to proceed to execution until after ten days; that the writ of *fi. fa.* was returned before the required delay had elapsed; that plaintiffs are conducting proceedings in the United States Circuit Court, which, if successful, probably will provide for the payment of their entire claim; that the order directing them to file a schedule of their assets is illegal and was improvidently granted.

The evidence shows that counsel for plaintiffs delivered the petition to the deputy to be filed; that the deputy docketed the petition upon the docket of the Civil District Court, numbered it upon the docket and endorsed the number upon the petition; that the case was allotted to Division A and was presented to the judge of that di-

vision, who signed the order that had been previously prepared by the deputy for his signature. It is not denied that the copy of the petition and citation and order issued were seived upon the defendants as affirmed by the plaintiffs. Prior to any pleading being filed by the defendants the deputy endorsed upon the petition the actual date of filing, *nunc pro tunc*.

The evidence sustains, in so far as relates to the fact, the second ground of exception that the *fi. fa.* was issued within the ten days.

The record does not disclose, however, that an appeal was applied for by the defendants.

In respect to the return *nulla bona* and the proceedings in the United States Circuit Court the facts are, that demand was made upon the plaintiffs and defendants to point out property subject to seizure under the writ. The defendants did not point out property, and the plaintiffs say they knew of none and so informed the sheriff. The writ was returned *nulla bona* two days after it had been placed in the hands of the sheriff.

As to the proceedings in intervention: There was under attachment in the United States Court property estimated as being worth about fourteen thousand eight hundred and ninety-eight dollars, as shown by an admission of record, and counsel for plaintiff adds: subject to the admission, that the claim of the first attaching creditor in the United States Court is for an amount exceeding seventeen thousand dollars. That there are attachments issued in the Civil District Court anterior to the judgment in this case of the Wheeling Pottery Company to an amount exceeding five thousand dollars to which no defence has been made. The defendants have not presented any defence in the proceedings before the United States Courts. The intervenor, plaintiff here, in the petition of intervention before that court charged that the attachment was fraudulent and collusive, and that the defendants were not indebted to the plaintiff for the amount claimed in these suits.

The exceptions were overruled, save that the defendants were ordered to file a list of their creditors, and were not required to file schedules of their assets.

From the judgment overruling these exceptions the defendants prosecute this appeal.

As to the failure of the clerk to file the petition to compel a surrender, the consequence can not always be as fatal to the regularity

of proceedings as claimed.   It is the clerk's duty to receive the petition, and immediately after endorse the date it was received.   The order applied for to compel a surrender had been granted and there was no question as to the date the petition was received, for, in addition to the date of the order granted, there was an entry made by the clerk in the records of the court.   The filing was overlooked by the clerk.   It was handed to him in his office to be filed.   It was received by him, acted upon and was to be kept on file, and it was a document of his office.   Having been placed by the attorney in the hands of the filing officer in his office, to be filed, and it having been acted upon as already stated, and the contemporaneous facts rendering it evident that all was done in the utmost good faith, and that the omission was owing to a mere inadvertence of the officer, we think that the plaintiffs complied with the law to every intent and purpose.   The absence of the "file mark," under the circumstances, cannot operate to his prejudice.

"Filed" is the best evidence that the document is of record, but it is not always and under all circumstances the only evidence that will prove that a petition is of record, when owing to clerical error it is not expressly endorsed.   The judge prefaced the order which follows the petition: "Considering the petition filed herein and the affidavit thereto annexed."   A few days after it was competent for the clerk *nunc pro tunc* to file the document that had been deposited and had remained in his office.   There may be exceptional cases where the filing itself is of importance, but they can not apply when the facts are as in this case.   This brings us to the question of the prematurity of the *fi. fa.* and the consequent irregularity claimed.   This plea is purely technical.   The decisions sustain the execution when no appeal has been taken.

The refusal of the suspensive appeal or prejudice to the judgment debtor in matter of the appeal would invalidate the execution.   There is no such issue here.   If prematurity of execution of a judgment by *fi. fa.* is not ground for an injunction, it is not good ground here.

The following shows that it is not cause for an injunction.

Refusing to perpetuate an injunction on the ground of prematurity of the *fi. fa.* the court said; "All that he can expect is to be relieved from the payment of costs and damages, as he had the benefit of all the delay he was entitled to." Payton vs. Bank,  6 Rob. 17-20.   See also Sowle & Ward vs. Pollard, 14 An. 285.

No attempt was made to impeach the validity of the execution, in the case in which the judgment was obtained. If property had been sold and the defendants had remained silent the title would have been valid. The defendants chose to let the *fi. fa.* remain unchallenged until the order of the surrender of their property had been issued; it was then too late, under the authorities, to raise the objection of prematurity. Silence and inaction are, in effect, a waiver of objection to the issuance of the *fi. fa.*

Prematurity of the return is the next objection in order urged. When it is evident that a defendant has no assets subject to the writ, there is no reason for delaying the return and preventing recourse to other remedies. The " due demand " of the law had been made; it then became possible to institute other proceedings under the insolvent laws and the officer was justified in returning the writ unsatisfied. It was *prima facie* correct. No attempt was made to prove it was, in any particular, inaccurate.

The return of the writ, *nulla bona*, is evidence of the debtor's insolvency or that he has no property within the court's process. Lovell vs. Payne, 30 An. 511, 513.

Lastly, it is urged that the plaintiffs was without right to prosecute the present proceedings while urging their claims in the Federal Court; if successful in that court, they would recover the entire amount of their claim.

The defendants are not in a position to successfully urge that defence. They failed to point out this property for seizure when demand was made of them by the sheriff. Moreover, we are not impressed by the admission of record as proving that the property attached was of sufficient value to pay the plaintiffs in attachment, and the plaintiffs in this suit. The amount claimed by the attaching creditors exceeds the value of the property by a number of thousands of dollars. The defendants in the attachment suit have not denied their indebtedness and have taken no steps to have the attachment dissolved.

Intervenor's allegation of fraud and collusion would not justify the sheriff in making seizures of the property previously attached. The controlling fact was, in so far as he was concerned, that the property had been seized for a debt larger than its value.

The order rendered January 7, 1896 was modified by the judgment as required by the statute under which it was granted.

The judgment is affirmed.