No.———

First Circuit

---

O'KEEFE AND SIMPSON, RECEIVERS OF A. BALDWIN COMPANY, LTD., v. MAIN STREET PHARMACY, ET ALS.

---

(April 11, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Execution—Par. 55, 74.

A seizure made under a writ of fieri facias prematurely issued, confers in favor of the judgment creditor, upon the seized property, the privilege accorded by Code of Practice, Art. 722.

2. Louisiana Digest—Injunction—Par. 125; Attorneys—Par. 59.

Twenty-five dollars considered sufficient damages as attorney's fee for dissolution of writ of injunction wrongfully issued.

Appeal from the Parish of East Baton Rouge. Hon. George K. Favrot, Judge.

Action by O'Keefe and Simpson, Receivers of A. Baldwin Company, Ltd., against Main Street Pharmacy et als.

There was judgment for defendant and plaintiffs appealed.

Judgment reversed.

Jess Johnson, of Baton Rouge, attorney for plaintiff, appellant.

D. J. Sanchez, of Baton Rouge, attorney for defendant, appellee.

LECHE, J. The only issue in this case, is whether a seizure made under a writ of fieri facias prematurely issued, confers in favor of the judgment creditor, upon the seized property, the privilege accorded by Art. 722, C. P. The District Judge held that it did not, and the plaintiffs have appealed.

Plaintiffs obtained judgment against defendant on October 24, 1927, a writ of fi. fa. in execution thereof was issued on November 2, 1927, and defendant's property was immediately seized thereunder. Defendant's property was then placed in the hands of a Receiver on November 4, 1927. Defendant's Receiver seeks to enjoin the seizure, and contends that as the writ was issued and the property was seized before the expiration of ten days, the delay fixed for the execution of judgments by Art. 624, C. P., as amended by Act 163, p. 321, of 1898, the seizure is of no effect and does not confer a privilege.

The question is not new. "A fi., fa. prematurely issued is a mere irregularity. If defendant suffers the delay to expire without any action, he waives the prematurity." Wheeling Pottery Company vs. R. Levi, 48 La. Ann. 777, 19 So. 752; Cluseau vs. Wagner, 126 La. 375, 52 So. 547; Dannenman & Charlton vs. Charlton, 113 La. 277, 36 So. 965; Alfana vs. Franek, 159 La. 498, 105 So. 598.

The only penalty for a premature issuance of a writ of seizure under a judgment is that it becomes null and void in case the judgment debtor takes and perfects a suspensive appeal.

Whether defendant was solvent or insolvent at the time the seizure was made, cannot be made an issue in this case, as that matter is not presented by the pleadings.

For these reasons, the judgment of the District Court is avoided and annulled and it is now ordered that the preliminary writ of injunction herein issued, be set aside, and the defendant's demand for a permanent injunction, refused. It is further ordered that the Receivers of A. Baldwin and Company, Ltd., have judgment against the Receiver of Main Street Pharmacy for twenty-five dollars damages as attorney's fees. All costs to be paid by appellee.