LE SUEUR, Judge.
Arthur L. Ballin and August Berner, Sr., as parties in interest have appealed from an order of garnishment that delivered funds in the Whitney National Bank of New Orleans in the account of Arthur L. Ballin and August Berner, Sr., Agents, to City Electric & Supply, Inc.
City Electric & Supply, Inc. (“City”) sued Taft Park Homes, Inc. (“Taft”) and obtained a judgment against Taft for $6,677.00, plus interest from the date of judicial demand and all costs. This judgment was rendered on June 10, 1968, by the 24th Judicial District Court for the Parish of Jefferson. On June 12th, City filed a petition asking that Whitney National Bank of New Orleans be made garnishee and ordered to answer the propounded interrogatories concerning “a certain bank account No. 02-070-798 in the names of Messrs. A. Ballin and A. Bemer or others, Agents for Taft Park Homes, Inc.”. On June 13th, the judgment of City against Taft was made executory in Orleans Parish, and an order was signed requiring that the interrogatories be answered. On June 14th, the bank account “No. 02-070-798 in the names of Messrs. A. Ballin and A. Berner or others, Agents for Taft Park Homes, Inc.” was seized by the Sheriff under a writ of fieri facias. On July 5th, Whitney Bank filed its answer to the interrogatories stating that Acct. No. 02-070-798 was in the name of “Arthur L. Ballin and August Berner, Sr., Agents” without any identification of the undisclosed principals. On July 8th, City filed a motion alleging therein that the garnishment interrogatory answers of Whitney National Bank stated that they “have in their possession in checking account No. 02-070-798, in the names of Arthur L. Ballin and August Berner, Sr., Agents, a balance in excess of $7,000, which sum belongs to defendants". (Emphasis added.) This motion was accompanied by an order to Whitney Bank to deliver $6,677.00, plus all costs and interest, from this account to City and was also dated July 8, 1969. It is from this signing and execution of this order that Arthur L. Ballin and August Berner, Sr., as parties in interest, have appealed.
We are aware that the judgment was made executory prematurely because it was taken before the time allowed for a suspensive appeal had run, LSA-C.C.P. Arts. 2123 and 2252, and that normally the premature execution of a judgment is a mere irregularity corrected by the subsequent lapse of time of appeal. Sowle & Ward v. C. W. Pollard & Co., 14 La. Ann. 287 (1859); Wheeling Pottery Co. v. Levi, 48 La.Ann. 777, 19 So. 752 (1896); O’Keefe et al. v. Main St. Pharmacy et al., 8 La.App. 443 (1928); Kimber-Murphy Mfg. Co. v. Vestal, Inc., 43 So.2d 508 (La.App.1950). While aware of this issue, we do not feel constrained to rule upon that matter because we find that City has not proven any relationship between the funds seized and the judgment-debtor, Taft.
City has attempted to show that the funds seized in the name of “A. Ballin and A. Berner, Agents” were the funds of *295 Taft and that Ballin and Berner were “Agents for Taft Park Homes, Inc.”. They alleged in their petition for a garnishment based on the writ of fieri facias that Whitney Bank had “a certain bank account No. 02-070-798 in the names of Messrs. A. Ballin and A. Berner or others, Agents for Taft Park Homes, Inc.”. The Sheriff’s seizure order contained the same quoted statement of agency. The answers to the interrogatories propounded to Whitney Bank designated the account in question as belonging to “Arthur L. Ballin and A. Berner, Sr., Agents” without any disclosure of principals. In spite of this information, the motion and order prepared by City, releasing the proceeds of the account, stated that “Whitney National Bank of New Orleans, who have confessed in their answers filed herein that they have in their possession in checking account No. 02-070-798, in the names of Arthur L. Ballin and August Berner, Sr., Agents, a balance in excess of $7,000 which sum belongs to defendants” (Taft). (Emphasis added.) This lead the trial judge to believe that the funds belonged to Taft, although this was not proven. City, based on the record available to the trial judge, did not prove that the funds held by Ballin and Berner as agents were the funds of Taft and, therefore, did not prove that the funds were available to satisfy a judgment against Taft.
For the foregoing reasons, the order of July 8, 1968, delivering the funds in the Whitney National Bank of New Orleans checking account No. 02-070-798 to City Electric & Supply, Inc., is annulled and the seized funds are ordered to be returned to the garnishee, Whitney National Bank of New Orleans, to be redeposited in checking account No. 02-070-798 in the names of Arthur L. Ballin and August Berner, Sr., Agents. All costs of this appeal are to be borne by City Electric & Supply, Inc.
Annulled and rendered.