MORIAL, Judge.
Plaintiff obtained a default judgment against defendants based upon domiciliary services of citations and original and supplemental and amending petitions on defendants. Thereafter and without having served notice of judgment on defendant, Charles E. Tucker, plaintiff proceeded to a seizure via fieri facias and garnishment of *1018 the wages of Charles E. Tucker. Defendant, Charles E. Tucker, filed a motion to dissolve the garnishment in which he asked for damages and attorney’s fees which were denied by the court. It is from the denial of this motion that defendant, Charles E. Tucker has appealed. We reverse and remand.
Defendant, Charles E. Tucker, was not personally served with either the original or supplemental and amending petitions. LSA-C.C.P. Article 1913 provides in pertinent part:
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answers, shall be served on the defendant by the sheriff, by either personal or domiciliary service.”
LSA-C.C.P. Article 1974 provides in the second paragraph that:
“When notice of judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
The delay for taking a suspensive appeal does not begin to run until the time to apply for a new trial expires or until a motion for a new trial is refused. See LSA-C.C.P. Article 2123. A judgment creditor may proceed with the execution of a judgment only after the delay for a sus-pensive appeal therefrom has elapsed. See LSA-C.C.P. Article 2252. The lack of service of the default judgment suspended the running of the above time limitations. Therefore, the seizure and garnishment of Charles E. Tucker’s wages pursuant to the default judgment were premature and a nullity. See Nassau Realty Co., Inc. v. Brown, La., 332 So.2d 206 (1976); Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3rd Cir. 1969).
For the foregoing reasons, the judgment of the district court of February 3, 1975, denying the motion to dissolve the garnishment is reversed and it is further ordered that the writ of fieri facias issued pursuant to the supplemental petition of Courtesy Finance Company of Gentilly dated July 25, 1974 is dissolved and the judgment of the district court of September 20, 1974 is annulled, vacated and set aside; it is further ordered that the right of Charles E. Tucker to claim damages for the illegal seizure of his wages is reserved and the case is remanded to the district court for a determination of such damages. Courtesy Finance Company of Gentilly is to pay all costs of these proceedings.

REVERSED AND REMANDED.