357 So.2d 1203 (1978)
Barbara Clark LEGIER
v.
Anthony LEGIER, Sr.
No. 8882.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Concurring Opinion in the Denial of Rehearing May 10, 1978.
*1204 Lawrence A. Wheeler, New Orleans, for plaintiff-appellant.
Anthony Legier, Sr., in pro. per.
Terriberry, Carroll, Yancey & Farrell, Dean A. Sutherland, G. Edward Merritt, New Orleans, for garnishees-appellees, The Trustees of the New Orleans Steamship Ass'n, Intern. Longshoremen's Ass'n, AF of L-CIO Pension, Welfare, Vacation and Holiday Funds; and Francis A. Garitty, Administrator, Royalty Escrow Fund.
Before REDMANN, LEMMON and GULOTTA, JJ.
GULOTTA, Judge.
Plaintiff, a judicially separated wife, seeks a garnishment of her husband's accumulated vacation and holiday funds in possession of the trustees of a pension and vacation fund and earned but unpaid wage benefits in a royalty escrow fund in possession of the fund administrator. The garnishment is sought in satisfaction of an executory judgment for accumulated child support payments.
In a motion to traverse the answers filed by the attorney for the garnishees (the trustees of the pension fund and the administrator of the escrow fund), plaintiff seeks 1) to have all funds belonging to her husband which are now in the possession of the trustees and the administrator turned over to her and 2) to obtain judgment against the garnishees for the full amount of the *1205 unsatisfied judgment plus reasonable attorney's fees because of the false, incorrect and insufficient answers to the interrogatories filed on behalf of the trustees and administrator.
After contradictory hearing, the trial judge ordered that the husband's funds be turned over to the Civil Sheriff for the Parish of Orleans pursuant to plaintiff's writ of fieri facias, "subject to the exemptions provided by law". The other demands made by plaintiff in the rule to traverse were dismissed. Plaintiff appeals.
Plaintiff raises several issues. Relying on LSA-C.C.P. arts. 2411-2415, LSA-C.C.P. arts. 1457 and 1458, she contends that the answers to the interrogatories were defective and insufficient because they were not signed by the garnishees themselves but by their attorney. According to plaintiff, because of the garnishees' failure to answer, she is entitled to judgment against them for attorney's fees and for the full amount of the unsatisfied judgment against defendant.
It is her further complaint that the trial judge erred in allowing the garnishees to assert the exemption from seizure on behalf of the debtor as provided for in LSA-R.S. 13:3881 and in 15 U.S.C. § 1673 (1968) and in rendering judgment in favor of plaintiff against garnishees, subject to the statutory exemptions. According to plaintiff, the garnishees are not the employers of the debtor but are third-party "stake holders" or depositaries who cannot assert the exemptions. In this connection, plaintiff also claims the fringe benefit funds held by the garnishees are not wages, but are the "property" of the debtor which is subject to seizure without exemption.
Finally, relying on LSA-R.S. 13:3928, Davis v. Contorno, 234 So.2d 470 (La.App. 1st Cir. 1970) and Theriot v. Melancon, 311 So.2d 578 (La.App. 3d Cir. 1975), plaintiff contends that the exemptions set forth in LSA-R.S. 13:3881 do not apply to a case where a plaintiff seeks garnishment of funds in satisfaction of an executory judgment for child support.
Before considering plaintiff's contentions, we dispose of the threshold issue raised by the garnishees, based on LSA-C. C.P. art. 2252 and Courtesy Finance Company of Gentilly v. Tucker, 340 So.2d 1017 (La.App. 4th Cir. 1976), that the garnishment is null because it was issued prior to the expiration of the delay for taking a suspensive appeal from the executory child support judgment. Though it is true the garnishment issued prior to the expiration of the time for an appeal, nevertheless, no appeal was taken. In such instance, our courts have held that the party cast has ratified the premature execution. See Comment (b) of LSA-C.C.P. art. 2252 and the cases cited therein. See Associates Financial Services, Co. v. Hillebrandt, 250 So.2d 75 (La.App. 3d Cir. 1971). See also dicta in City Electric & Supply, Inc. v. Taft Park Homes, Inc., 225 So.2d 293 (La.App. 4th Cir. 1969). It is also significant that the garnishees answered the interrogatories and have not filed an appeal or answered plaintiff's appeal from the judgment on the rule to traverse. Under the circumstances, we conclude any argument based on nullity of the garnishment has been waived.[1]
*1206 Turning now to plaintiff's arguments, we find no merit to the contention that because the attorney for the garnishees signed the answers to the interrogatories and not the garnishees, no "answer" was filed. LSA-C.C.P. art. 863 provides:
Art. 863. Signing of pleadings, effect
"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
"Pleadings need not be verified, or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."
The Codal provision clearly allows for pleadings to be signed by attorneys. Furthermore, LSA-C.C.P. art. 1458, relied on by plaintiff, which requires that each answer to the interrogatories is to be signed by the "person making them" is found under the discovery and deposition articles and relates to discovery. The LSA-C.C.P. articles applicable to garnishment are LSA-C.C.P. arts. 2411-7. We find no prohibition in these provisions against an attorney's signing the interrogatories. In the absence of any statutory prohibition (and we find none), we conclude LSA-C.C.P. art. 863 provides authority for an attorney to sign the answers to the interrogatories on behalf of the garnishees.
Under the circumstances, we conclude the garnishees answered the interrogatories and the trial judge properly dismissed plaintiff's claim to cast them in judgment for the unsatisfied amount owed by defendant and for attorney's fees.
We find merit, however, to plaintiff's contention that the trial judge erred when he applied the statutory exemption to the funds held by the garnishees. LSA-R.S. 13:3881[2] provides that 75% of a debtor's "disposable earnings for any week" (emphasis ours) are exempt from garnishment. Significantly, the statute refers to earnings for any "week". The statute also refers to an employee's "pay period". We interpret, therefore, the exemption to apply to garnishment of weekly, biweekly or monthly earnings at the time they are paid to the employee. We conclude also the exemption does not apply to accumulated fringe benefits which have accrued prior to the garnishment. By analogy, we find support for this conclusion in Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), a bankruptcy case dealing with the Federal Consumer Credit Protection Act and its statutory 25% garnishment limitation of a debtor's disposable earnings. The United States Supreme Court, in affirming the Court of Appeals' holding that the exemption did not apply to the debtor's income tax refund, stated, supra, at page 2436,
"The Court of Appeals held that the terms `earnings' and `disposable earnings,' as used in 15 U.S.C. §§ 1672, 1673, did not include a tax refund, but were limited to `periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation.' 2 Cir., 479 F.2d at 997. *1207 This view is fully supported by the legislative history. There is every indication that Congress, in an effort to avoid the necessity of bankruptcy, sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis. * * *"
Similarly, in our case, though the husband's accrued fringe benefits like his income tax refund are related to his labor, the accumulated fund is not a periodic payment subject to exemption. Having so concluded, we need not address plaintiff's argument that the exemption does not apply to enforcement of an executory judgment for unpaid accumulated child support.
Accordingly, we conclude the exemption provided for in LSA-R.S. 13:3881 is not applicable to the accumulated funds. Having so concluded, we amend the judgment to the extent that the husband's accumulated vacation and holiday funds and royalty escrow funds in their entirety are to be turned over to the Civil Sheriff for the Parish of Orleans in satisfaction of plaintiff's writ of fieri facias. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
LEMMON, Judge, concurs in denial of application for rehearing and assigns reasons.
On application for rehearing the garnishees reurge their contention that defendant's vacation and holiday benefits and royalty escrow fund benefits constitute wages or earnings exempt from seizure under R.S. 13:3881. They cite Lines v. Frederick, 400 U.S. 18 (1970), which held that accrued vacation pay, which functions to support a wage earner's basic requirements of life during vacation periods or in the event of a layoff, constitutes wages and was not "property" which had to be turned over to the trustee in bankruptcy.
There is absolutely no evidence in this record regarding the funding, accumulation, purpose or method of distribution of vacation and holiday pay. If it were shown that this pay served to provide defendant with a substitute for his regular "disposable earnings" which he did not receive during periods of vacation or on holidays, we would have to decide whether the exemption applied. But since no evidence indicates these funds are qualified for the exemption, our decision on original hearing properly denied the exemption.
NOTES
[1] The Louisiana Supreme Court in Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La. 1976), where execution was sought prior to the expiration of the appeal period, held the seizure was premature. The court stated:

"* * * Article 2252 provides that a judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed. * * *"
However, waiver was not discussed by the court in Nassau. In that case, subsequent to the date for the commencement of the running of the suspensive appeal period (November 25) but before the date of the expiration of this period (December 24), a petition for injunction to arrest the seizure and sale, to annul the default judgment and for damages was filed (December 5). Clearly, under these circumstances, the judgment debtor cannot be guilty of waiver.
We distinguish also Courtesy Finance Company of Gentilly v. Tucker, 340 So.2d 1017 (La. App. 4th Cir. 1976), relied on by garnishees. In Courtesy Finance Company, unlike our case, the suspensive appeal period had never commenced to run and the judgment debtor had filed a motion to dissolve the garnishment. Our holding is not inconsistent with the Courtesy Finance Company case.
[2] LSA-R.S. 13:3881, in pertinent part, provides:

§ 3881. General exemptions from seizure; waiver of sovereign immunity from garnishment
"The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(1) Seventy-five per centum of his disposable earnings for any week, but in no case shall this exemption be less than at the rate of seventy dollars per week of disposable earnings or a multiple or fraction thereof according to whether the employee's pay period is greater or lesser than one week. The term `disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld."