432 So.2d 293 (1983)
FIRST NATIONAL BANK OF COMMERCE
v.
Lorenza LATIKER.
The BANK OF NEW ORLEANS AND TRUST COMPANY
v.
Joseph CLAY.
FIRST NATIONAL BANK OF COMMERCE
v.
Gary J. COOPER, et al.
Nos. CA-0048 to CA-0050.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1983.
*294 Mark C. Landry, Newman & Drolla, New Orleans, for plaintiff-appellant, First Nat. Bank of Commerce.
G. Edward Merritt, Jean Melancon, New Orleans, for garnishee-appellee, Trustees of the New Orleans S.S. Assn., Intern. Longshoremen's Assn., AF of L-C.I.O. Pension, Welfare, Vacation and Holiday Funds.
Before WARD, SCHOTT, and KLEES, JJ.
WARD, Judge.
In these consolidated suits, the Banks obtained judgments against the defendants who are longshoremen. After the judgments became final, the Banks filed garnishments against the Trustees of the N.O. Steamship Association, International Longshoremen's Association, AF of L-CIO, Pension, Welfare, Vacation and Holiday Funds. The Trustees are custodians of a fund established through payments which are deposited weekly by the various employers of longshoremen for the credit of longshoremen they employ. Disbursements from the funds are made to longshoremen in December of each year. The defendants, now judgment debtors, were eligible for payment benefits from the Vacation and Holiday Fund when the garnishment was served on the Trustees.
The Trial Judge held that the entire fund due to each defendant could be garnished, but that the funds are disposable earnings and that State and Federal statutes which exempt 75% of disposable earnings from seizure by garnishment also exempt 75% of these funds. We agree with the judgment of the Trial Judge and hold that these funds are disposable earnings and enjoy a 75% exemption from seizure by garnishment.
The Banks argue that the Trial Judge erred when he denied garnishment of the entire fund of each defendant. They claim that these funds are fringe benefits, not periodic payments of wages and, therefore, not subject to the exemptions of LSA-R.S. 13:3881 and 15 U.S.C. 1673 (1982), and primarily rest their argument on the case of Legier v. Legier, 357 So.2d 1203 (La.App. 4th Cir.1978). In that case, a plaintiff-wife sought to garnish this same trust fund to satisfy her husband's obligations under a child support judgment. In refusing to apply the statutory exemptions, the Court stated:
We find merit, however, to plaintiff's contention that the trial judge erred when he applied the statutory exemption to the funds held by the garnishees. LSA-R.S. 13:3881 provides that 75% of a debtor's "disposable earnings for any week" (emphasis ours) are exempt from garnishment. Significantly, the statute refers to earnings for any "week". The statute also refers to an employee's "pay *295 period". We interpret, therefore, the exemption to apply to garnishment of weekly, biweekly or monthly earnings at the time they are paid to the employee. We conclude also the exemption does not apply to accumulated fringe benefits which have accrued prior to the garnishment. By analogy, we find support for this conclusion in Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), a bankruptcy case dealing with the Federal Consumer Credit Protection Act and its statutory 25% garnishment limitation of a debtor's disposable earnings. The United States Supreme Court, in affirming the Court of Appeals' holding that the exemption did not apply to the debtor's income tax refund, stated, supra, at page 2436,
"The Court of Appeals held that the terms `earnings' and `disposable earnings', as used in 15 U.S.C. 1672, 1673, did not include a tax refund, but were limited to `periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation.' 2 Cir., 479 F.2d at 997. This view is fully supported by the legislative history. There is every indication that Congress, in an effort to avoid the necessity of bankruptcy, sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis. * * *"
Similarly, in our case, though the husband's accrued fringe benefits like his income tax refund are related to his labor, the accumulated fund is not a periodic payment subject to exemption.
As the Court stated in Legier, LSA-R.S. 13:3881, which governs exemptions from seizure of 75% of "disposable earnings", defines "disposable earnings" as "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." While we agree with the holding of Legierthe fund is subject to seizurewe believe that 75% of the fund is exempt under State and Federal Statutes. We distinguish Legier, supra, because that seizure was for payment of child support; the policy considerations which presumably played a role in that decision are not present in a case such as the instant one where the garnishment and seizure seeks to satisfy ordinary debts. We also decline to follow the Legier decision because another distinction is readily apparent; the nature of the fund was not fully explained in the Legier case. (See J. Lemmon's concurring opinion in that case). In this case, however, Mr. Francis A. Garrity, employed by the Trustees of the fund, more fully explained the details of the fund. He testified that the employers of longshoremen pay contributions to the fund each week for vacation and holiday pay to their employees who are longshoremen. He also explained why, because of the unique hiring practices of longshoremen who have multiple employers during a year, the portion of their wages which is their vacation pay is held in trust. He testified that this arrangement was created through negotiations between the New Orleans Steamship Association and union representatives.
The record clearly indicates that the Pension, Welfare, Vacation, and Holiday Fund is nothing other than deferred payment of wages, and the name of the fund is a misnomer. We reach this conclusion first because longshoremen are entitled to these payments by union contract. Further, although the payments are made by employers directly to the fund, they are not deductions required by law, such as income tax withholdings, social security taxes, or Federal Insurance Compliance Act (FICA) payments. These deferred income and wage payments may be relied upon by longshoremen for their sustenance just as wages are relied upon by them. Hence, although the longshoremen do not receive these wages on a weekly or periodic basis, and although payments are deferred, the payments are wages nonetheless, and part of their weekly disposable earnings thus we conclude that 75% of this deferred income is exempt from seizure by both State and Federal Statutes.
Although the Trustees have argued, as we have held, that the funds are wages and *296 that the state and federal exemptions apply, they also argued that the entire funds are entirely insulated from seizure. To support their argument that the fund is entirely exempt from seizure, the Trustees rely upon the recent case, Franchise Tax Bd., Etc. v. Const. Laborers, Etc., 679 F.2d 1307 (9th Cir.1982) where a majority of that Court held that a similar vacation trust fund enjoyed the same protection against a tax levy as the protection afforded to a pension fund by the Employment Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq., (1974) (E.R.I.S.A.). In that case, Judge Tang dissented because he believed that the federal court did not have jurisdiction. He also distinguished the obvious and legitimate policy reasons for protecting retirement income from seizure from the less "catastrophic" result of not insulating vacation income from seizure. He concluded that the vacation fund could be seized by creditors. That case has been appealed to the U.S. Supreme Court, and a final decision has not yet been rendered.
A similar case was brought in Federal court in the Eastern District of Louisiana, The Bank of N.O. and Trust Company v. Wilmer Joseph, Jr., et al., C.A. No. 83-56 C/W First National Bank of Commerce v. Lorenza Latiker, C.A. No. 83-57 C/W Lakeside Hospital v. Felix Kuntz, et al., C.A. No. 83-58. At a hearing on a Motion to Remand, Judge McNamara agreed with Judge Tang, and held that there was no federal question and that the federal court lacked jurisdiction. Refusing to rule or comment on the merits, that is, on the question of the insulation of the funds by the authority of ERISA, Judge McNamara commented that the state court was equally qualified to rule on the question of exempting the funds from seizure. We agree with Judge McNamara and Judge Tang. The intent of Congress when it enacted the ERISA provision was to protect from seizure pension funds, not vacation funds, and we conclude that the ERISA protection should not be extended to vacation funds. An employee's pension and his vacation pay have disparate value in the life of an individual and, consequently, elicit disparate protection. These vacation funds are not, therefore, entirely exempt from seizure.
In summary, because this vacation fund is created from disposable earnings as defined by LSA-R.S. 13:3881, it may be seized to satisfy debts of ordinary creditors; but because the fund is in the nature of deferred wages, 75% of the fund is exempt from seizure.
Affirmed. All cost of trial and appeal are to be shared equally.
SCHOTT, J., dissenting with written reasons.
SCHOTT, Judge, dissenting:
I would reach the same result as my colleagues do except for the decision of this court in Legier v. Legier. 357 So.2d 1203 (La.App. 4th Cir.1978). With all due respect, I am unable to distinguish the case and would circulate the majority opinion to the court en banc with the intention of overruling Legier.
I do not join my colleagues in their discussion about the argument of the Trustees that the entire funds are insulated from seizure because this issue is not before us. The trustees neither appealed nor answered the appeal so that the judgment cannot be amended in their favor. LSA C.C.P. Art. 2133, Hartsell v. Hooker Chemical Corporation, 288 So.2d 417 (La.App. 4th Cir.1974).