958 So.2d 721 (2007)
Melba Margaret Schwegmann BROWN
v.
John F. SCHWEGMANN and Melinda B. Schwegmann.
No. 2005-CA-0830.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2007.
*722 Kyle Schonekas, Marc D. Winsberg, Andrea V. Timpa, Schonekas, Winsberg, Evans & McGoey, L.L.C., New Orleans, LA, for Plaintiff/Appellee.
Richard H. Barker IV, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY).
DAVID S. GORBATY, Judge.
In this appeal, John Schwegmann contends that the trial court erred in awarding plaintiff money damages. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY
Melba Brown and John Schwegmann are siblings. Their father established trusts for their benefit and the benefit of their brother in 1962. Initially, there were five trustees, who invested the trust's asset into Schwegmann Giant Super Markets, Inc. ("Schwegmann corporation"), acquiring seventeen shares of stock.
John Schwegmann became trustee of Brown's trust in 1971. During the same time period, he purchased his ailing father's interest in the family business, including Schwegmann Giant Super Markets ("Schwegmann partnership") and Schwegmann corporation. John Schwegmann became CEO and majority stockholder of the family business. He remained trustee of his sister's trust after assuming control and majority ownership of the Schwegmann corporation in which the trust was invested. In 1980, defendant's wife, Melinda Schwegmann, was appointed as trustee. By 1996, John and Melinda were the sole remaining trustees of Brown's trust.
The matter was tried on April 8, 2002. The trial court found in favor of John and Melinda Schwegmann. Ms. Brown appealed to this court, in case number 2002-CA-1509. This court held that Mr. Schwegmann breached his sister's trust and remanded the case back to the trial court to render judgment on damages only. The trial court's judgment as to Melinda was upheld. John applied for a rehearing, which this court denied. He further sought a supervisory writ from the Louisiana Supreme Court, which was also denied. See Brown v. Schwegmann, 2004-C-0425 (La.4/30/04), 872 So.2d 489. Accordingly, the issue of Schwegmann's liability has been finally decided, and cannot be overturned or reconsidered here.
The two-day damages trial began on January 6, 2005. Schwegmann and Brown both testified at the damages trial, and *723 each presented expert testimony. The trial court found the testimony of Brown's expert, Howard Asher, to be credible, holding:
At trial, plaintiff's expert estimated that had the trust's cash assets of gifts and dividends had [sic] diversified its holdings and invested in stocks, bonds, and U.S. Treasury Bills, the trust's assets would have been $5,147,073.00. This court finds that the plaintiff's accountings sufficiently take into account what a moderate investment of funds would have generated for Brown's trust.
Accordingly, the trial court entered judgment in favor of Brown in the amount of $5,147,073.00, plus legal interest from date of judicial demand for "damages for loss or depreciation in value of the trust estate and profit that would have accrued to the trust estate if there had been no breach of trust. John Schwegmann subsequently filed this appeal.
John Schwegmann's appeal brief failed to contain a specification or assignment of alleged errors. As such, this court issued a rule to show cause why the appeal should not be dismissed for failure to comply with Rule 2-12.4, Uniform Rules of Louisiana Courts of Appeal. Schwegmann responded to the Show Cause order by submitting a list of assigned errors. However, he failed to brief or explain them.
Although under the Uniform Rules of Court this court would be warranted in dismissing this appeal, we choose to accept it. We do not wish to dismiss the appeal due to the defect in the form of the appellant's brief, which would result in irrevocable termination of John Schwegmann's rights based upon procedural, rather than substantive, grounds. Therefore, we accept the list of assigned errors and their explanations, which can be found in the "Statement of Case and Proceedings Below" and "Factual Summary" sections of the original brief.
DISCUSSION
Schwegmann seeks a reversal or modification of the trial court's judgment on the grounds that:
1. He is not responsible for the partnership's inability to pay the sums owed to Brown's trust.
2. Brown failed to prove that Schwegmann was required to diversify the assets of her trust, rather than simply leave them invested in the partnership.
3. Any diversification of the trust assets should not have occurred before 1996.
4. The damage caused by non-diversification of the trust assets does not exceed $773,000.00.
Schwegmann's first two arguments must be completely disregarded by this court. This court has already conclusively decided Schwegmann's liability to Brown. Moreover, this court specifically found that Schwegmann's decision to leave the trust assets invested solely in Schwegmann companies was imprudent and "seriously flawed" amounting to a breach of his fiduciary duties to Brown. Schwegmann sought reconsideration of those findings, which was denied, and his application for writs to the Louisiana Supreme Court was also denied. For Schwegmann to rehash these issues now violates res judicata and cannot be permitted. As such, only the third and fourth issues raised by Schwegmann, which relate to the calculation and amount of the damage award, are properly before this court.
Contrary to the assertions of Schwegmann, a de novo review of this matter is inappropriate. The only issue properly before this court on appeal is the amount of the damages assessed by the trial court. The trial court is afforded *724 "great discretion in awarding damages, and its determination should not be disturbed unless clearly wrong." Kostmayer Const., Inc. v. Sewerage and Water Bd. of New Orleans, 2005-CA-1184, p. 13 (La. App. 4 Cir. 10/28/06), 943 So.2d 1240, 1248, citing Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993).
In his third assignment of error, Schwegmann argues that the trial court erred in awarding damages based upon the testimony and opinion of plaintiff's expert, Harold Asher, whose opinions were based upon calculations of a possible value of the trust if the assets had been divested from invested in the Schwegmann partnership long before 1996. Appellant now argues, for the first time, that Asher's testimony at the damages trial was "incompetent and inadmissible" under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
Asher is a Certified Public Accountant, an SEC Registered Investment Adviser, a Certified Valuation Analyst, and a Certified Fraud Examiner. At the damages trial, the trial court admitted Asher as an expert in investment advising and economic loss without any objection by Schwegmann.
Schwegmann now contends that Asher failed to consider Brown's "other sources of and/or level of income and/or other asset holdings in her global portfolio." According to Schwegmann, this perceived deficiency in Asher's methodology makes his testimony inadmissible under Daubert. Id. Notably, Schwegmann failed to move for a Daubert hearing as to the admissibility of Asher's testimony prior to the trial. Moreover, although Schwegmann's counsel cross-examined Asher at length on both his qualifications and his opinions, he did not once voice an objection to Asher's testimony under Daubert.
It is well settled in Louisiana that an objection to the admissibility of evidence is not preserved for appellate review unless a contemporaneous objection to the evidence is entered on the record at the trial or hearing. La. C.E. art. 103(A); Davis v. Kreutzer, 633 So.2d 796, 803 (La.App. 4 Cir.1994). Furthermore, when the objecting party fails to request a Daubert hearing, objections to the admissibility of an expert witness's testimony under Daubert are not preserved for appeal. State v. Pickett, XXXX-XXXX (La.App. 3 Cir. 5/26/04), 878 So.2d 722. Therefore, Schwegmann's Daubert objection, raised for the first time on this appeal, is simply too late. He waived his right to raise this objection, and the issue has not been preserved for appellate review. This assignment of error has no merit.
Finally, Schwegmann argues that assuming any money damages should have been awarded at all, which he denies, the highest reasonable measure of damages proven at trial would have been between $719,000.00 and $773,000.00, and the trial court erred in awarding any sums in excess of these figures.
Brown's expert, Harold Asher, testified that if the dividends and other cash assets had been properly diversified and deposited into a moderate investment beginning in 1973, Brown's trust would have been worth $5,147,073 at the time of the trial. Asher's calculations took into consideration a number of factors: Brown's age; whether Brown needed access to the cash and dividends in the trust for living expenses or whether the funds were more of a long-term investment; Brown's risk tolerance; and Brown's overall financial picture. Given these considerations, Asher utilized the recorded activity that was established in Brown's trust and accepted by this court in the earlier trial of this matter, and then calculated the expected value of the trust if *725 it had been invested under a number of scenarios, using the Vanguard Index 500 and the Vanguard Short-Term as the basis for his calculations. The trial court rejected the testimony of Dr. Kenneth Boudreaux, defendant's expert, who opined that Brown's damages were $719,558.64 at the time of trial.
In reaching the damage award, the trial court considered the testimony of both parties' economic experts and found Brown's expert, Harold Asher, to be more credible, stating, "the plaintiff's accountings sufficiently takes into account what a moderate investment of funds would have generated for Brown's trust."
"[W]here the testimony of expert witnesses differ, it is the responsibility of the trier of fact to determine which evidence is the most credible." Asbestos v. Bordelon, Inc., 96-0525 (La.App. 4 Cir. 10/21/98), 726 So.2d 926, 966. Those "[c]redibility determinations are subject to the strictest deference and the manifest error-clearly wrong standard demands great deference for the trier of fact's findings." Id. A fact-finder's choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. Id. Thus, even if the testimony of both experts is considered credible, the trial court's choice of Asher's testimony over Boudreaux's cannot be found to be manifestly erroneous or clearly wrong, and cannot be disturbed on appeal. As such, we find that the trial court's determination that Brown's damages were $5,147,073 correct. This assignment of error has no merit.
CONCLUSION
The trial court's judgment was supported by the evidence and was not manifestly erroneous. Accordingly, for these reasons, the judgment of the trial court is affirmed.
AFFIRMED.