DREW, J.
|, Kristopher Hough was convicted of attempted aggravated rape and sentenced to 45 years at hard labor without all benefits. He appeals. We affirm in all respects, though we remand to the trial court for compliance with the required notifications of his sex offender registration obligations.
FACTS
The defendant was indicted for the crime of aggravated rape in violation of La. R.S. 14:42(4). Specifically, the bill of indictment charged that between May 28 and May 30, 2010, the defendant committed the aggravated rape of R.H., a female then under 13 years of age.
On February 28, 2011, the state and defendant entered into a plea agreement whereby the state agreed to allow the defendant to plead guilty to the responsive charge of attempted aggravated rape and the state would dismiss charges pending against the defendant for molestation of a juvenile and pornography involving juveniles. During the plea colloquy, the state recited a detailed factual basis for the plea, the substance of which was acknowledged by the defendant.[1]
*479 |2The court accepted the defendant’s plea and ordered the preparation of a pre-sentence investigation report. The state dismissed the remaining charges.
At a subsequent sentencing, the trial court reviewed the presentence report including its much more detailed description of the grotesque conduct the defendant admitted at his guilty plea.[2]
The court noted at sentencing that:
• the defendant was benefiting from a significant reduction in sentencing exposure by being allowed to plead to attempted aggravated rape, whereas his conduct actually constituted the completed offense of aggravated rape, which carried a mandatory life sentence;
• victim impact statements by the victim’s mother and stepmother requesting that the defendant be given a life sentence;
• the defendant’s claim that he was sexually abused by his father provided no justification for his offense; and
• a sentence of 45 years at hard labor without benefits was appropriate.
Defendant’s motion to reconsider sentence was denied. This appeal followed.
EXCESSIVENESS
The defendant argues that the trial court erred in failing to give due consideration to factors such as the marital status, health, education, employment record, pri- or criminal record or likelihood of rehabilitation and that the sentence imposed makes no reasonable contribution to acceptable | spenal goals and is nothing more than a needless imposition of pain and suffering.
The state responds that the sentence imposed was not an abuse of the trial court’s discretion, especially in light of the substantial benefit received by the defendant via the plea agreement.
Our law on excessiveness is well settled.[3]
*480 |4Liíe imprisonment at hard labor, without benefits, is the mandatory sentence provided for aggravated rape under La. R.S. 14:42(D). The sentencing range for attempted aggravated rape is imprisonment at hard labor for not less than 10, nor more than 50 years, without benefits. La. R.S. 14:27(D)(1)(a) and La. R.S. 14:42(D).
In his confession and acceptance of the plea, the defendant admitted that he had oral and vaginal sex with the seven-year-old victim over the course of three days. The victim’s statements indicate the conduct probably also included anal sex. Moreover, the defendant took nude pictures of the child’s genitalia. When the defendant’s conduct and the sentence are viewed in light of the harm done to society and the young victim, the sense of justice is not shocked. This defendant received less than a maximum sentence for the pled offense, which does not adequately de-scribe his horrific actions. The sentence imposed is not excessive, nor does it reflect a manifest abuse of the trial court’s discretion.
ERROR PATENT
The trial court failed to inform the defendant of the sex offender notification and registration requirement as required under La. R.S. 15:543. The defendant’s conviction of attempted aggravated rape, a violation of La. R.S. 14:42, and a “sex offense” under La. R.S. 15:541(24), requires that defendant be subjected to the sex offender notification and registration | /¡requirements. La. R.S. 15:542. La. R.S. 15:543 requires that the trial court notify a defendant convicted of a sex offense in writing, using the form contained in La. R.S. 15:543.1, of the registration and notification requirements. It further requires that such notice be included on any guilty plea forms and judgment and sentence *481 forms provided to defendant, and that an entry be made in the court minutes stating that the written notification was provided. Here, the record does not indicate that the defendant was provided with any judgment and sentence form, or orally informed by the trial court of his registration requirements at his conviction and sentencing. As a result, remand is required for the purpose of providing the appropriate written notice to the defendant of the sex offender registration requirements, as this Court did in State v. Drake, 46,232 (La.App.2d Cir.6/22/11), 71 So.3d 452.
DECREE
The conviction and sentence are affirmed. The case is remanded for the trial court to provide appropriate written notice to the defendant of all sex offender registration requirements, and for a minute entry confirming that proceeding.
AFFIRMED AND REMANDED.

. "This defendant, Kristopher Hough, did commit the crime of attempted aggravated rape on or between the dates of May 28, 2010, and May 30, 2010, of a female juvenile whose initials are RH, the victim being under the age of thirteen years of age, having a date of birth of May 26, 2003, and the defendant being over the age of seventeen years of age.... [U]ltimately the defendant confessed to other family members that something had been going on and also admitted the penetration or attempted penetration and then subsequently, when talked to by law enforcement, he confessed that the incident began on *479 Friday, had reoccurred on Saturday and with the last incident occurring on the date that he was interviewed. The suspect stated that on Friday the molestation started with the inappropriate touching and on Saturday progressed to oral sex and then today it went too far and that there was penetration on the date that interview was conducted. Again, all these facts took place in Webster Parish, Louisiana."

. The child’s version of the events, as related to a forensic interviewer with the Gingerbread House, indicated that the defendant performed oral sex on her, had her perform oral sex on him and that he penetrated her both vaginally and anally. The presentence report further notes that among the defendant’s belongings were used condoms, the victim’s panties and a camera containing nude pictures of the victim’s vagina.

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There *480 is no requirement that specific matters be given any . particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain' and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792, State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir. 1/28/04), 865 So.2d 280, writ denied, 2004-0597 (La.9/24/04), 882 So.2d 1165.
Absent a defendant's assertion that he was falsely or mistakenly charged with an offense, the sentencing court may consider a dismissed charge as part of the defendant's criminal history, even when the dismissal forms part of the plea agreement. State v. Pamilton, 43,112 (La.App.2d Cir.3/19/08), 979 So.2d 648, writ denied, 2008-1381 (La.2/13/09), 999 So.2d 1145, citing State v. Cook, 466 So.2d 40 (La.App. 2d Cir. 1985); State v. Daley, 459 So.2d 66 (La.App. 2d Cir. 1984), writ denied, 462 So.2d 1264(1985).