Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 53,005-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

LOUIS WAYNE RUTAN                           Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 17CR28942

Honorable Charles Blaylock Adams, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Chad M. Ikerd

LOUIS WAYNE RUTAN                           Pro Se

GARY V. EVANS                               Counsel for Appellee
District Attorney

KENNETH P. HAINES
HUGO A. HOLLAND, JR.
Assistant District Attorneys

* * * * *

Before GARRETT, STONE, and McCALLUM, JJ.

**STONE, J.**

The defendant, Louis Rutan ("Rutan"), pled guilty to molestation of a juvenile, in violation of La. R.S. 14:81.2(A)(1) and (D)(1). Rutan was sentenced to 75 years at hard labor without benefit of parole, probation, or suspension of sentence, to run consecutively with any other sentence. No motion to reconsider sentence was filed. Rutan now appeals. For the reasons stated herein, Rutan's conviction and sentence of 75 years are affirmed. However, the parole restriction thereon is vacated, even though it does not render the sentence excessive. We remand with instructions for the trial court to reconsider the parole restriction and to comply with the sex offender notification law.

## FACTS

On November 8, 2017, Rutan was charged by bill of information with one count of molestation of a juvenile under the age of thirteen. On January 14, 2019, Rutan entered a plea of guilty as charged of molestation of a juvenile under the age of thirteen.

The factual basis for the guilty plea was that between May and August of 2017, Rutan committed lewd and lascivious acts upon the person of his biological daughter, A.B. Rutan had genital contact with A.B., oral to genital contact with A.B., and oral to anal contact with A.B. Specifically, Rutan would rub his genitals upon the genitals of A.B, in addition to making A.B. touch his genitals with her hands. At the time of the offense, A.B. was approximately 6 years of age, and Rutan was approximately 38 years old. During the investigation, the Desoto Parish Sheriff's Office cut off the mattress top of A.B.'s bed. It was found to contain Rutan's skin cells and sperm.

There was no agreement regarding sentence. The trial court ordered a presentence investigation, and scheduled a sentencing hearing for March 13, 2019. During the sentencing hearing, Dianna Green made a statement on behalf of the victim and her family. Ms. Green is the victim's maternal aunt, and she acted as the spokesperson for the family. Ms. Green read into the record a letter that she wrote, and a letter written by the victim's mother. The trial court also reviewed the presentence investigation report and took particular notice of the fact that Rutan was a fourth felony offender with a history of violence. The trial court sentenced Rutan to 75 years of incarceration at hard labor, without parole, to run consecutively with any other sentence he may be serving.

## DISCUSSION

On appeal, Rutan urges two assignments of error: (1) his sentence is constitutionally excessive; and (2) the trial court improperly interpreted the law as it relates to his parole eligibility. He also raises an ineffective assistance of counsel claim based on the fact that his trial counsel did not file a motion to reconsider sentence.

**Excessive sentence**

In support of this assignment, Rutan contends that he received no benefit of a reduced charge because he pled guilty as charged by the prosecution. Rutan further argues that a 75-year sentence is the equivalent of a life sentence for him. Additionally, Rutan points out that by his admission of guilt, he spared the victim and her family the ordeal of a trial.

The state argues that the sentence is constitutionally valid based on the following facts. The sentence is well below the statutory maximum for molestation of a juvenile. Rutan was an authority figure over A.B., as he was

2

her father. Rutan had been arrested numerous times, many of which involved family violence. The state argues that Rutan is a fourth-felony offender and that his adjudication as such would require an actual life sentence. Rutan was on probation for felony domestic abuse battery at the time he committed this offense.

Appellate courts apply a two-pronged test when reviewing a sentence for excessiveness: (1) whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1; and (2) whether the sentence is constitutionally excessive. *State v. Gardner*, 46,688 (La. App. 2 Cir. 11/2/11), 77 So. 3d 1052.

As previously stated, we must first determine whether the record shows that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. Articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*.

The La. C.Cr.P. art. 894.1 factors to be considered include the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La.

3

1981); *State v. DeBerry*, *supra*. There is no requirement that any specific factor be given any particular weight at sentencing. *State v. DeBerry*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Diaz*, 46,750 (La. App. 2 Cir. 12/14/11), 81 So. 3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, *supra*; *State v. Free*, 46,894 (La. App. 2 Cir. 1/25/12), 86 So. 3d 29.

Second, this court must determine whether the sentence is constitutionally excessive. A sentence can be constitutionally excessive, even when it falls within statutory guidelines if: (1) the punishment is so grossly disproportionate to the severity of the crime that, when viewed in light of the harm done to society, it shocks the sense of justice; or (2) it serves no purpose other than to needlessly inflict pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. DeBerry*, *supra*.

In this case, the applicable sentencing range is set forth in the 2017 version of La. R.S. 14:81.2(D)(1). It provides that the punishment for molestation of a juvenile victim under the age of 13 is imprisonment "at hard labor for not less than 25 years nor more than 99 years. At least 25 years of

the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence."

The trial court did not abuse its discretion in sentencing Rutan to 75 years at hard labor. During Rutan's sentencing hearing, the trial court noted its review of the presentence investigation report and Rutan's extensive, violent criminal history, and his status as a fourth-felony offender. Additionally, the record reflects applicability of several aggravating factors not mentioned explicitly by the trial judge. Rutan manifested deliberate cruelty to his 6-year old daughter by sexually molesting her. He used his position as her father, and an authority figure in her household, to facilitate his molestation of A.B. Rutan knew that his daughter, a 6-year old, was particularly vulnerable and incapable of resistance due to her age. Rutan's crime will scar his daughter for life; already, she has been experiencing emotional, mental and behavioral problems, in addition to undergoing counseling, as a result of the crime. An adequate factual basis for the sentence exists on the record.

Considering the fact that Rutan molested his own 6-year old daughter, his 75-year sentence is not constitutionally excessive. Though Rutan's sentence likely amounts to a life sentence, due to his age, the sentence does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. This assignment of error is without merit.

**Parole eligibility restriction**

Rutan correctly points out that the trial court erroneously believed it was statutorily required to impose a parole restriction for the entirety of the sentence. The following exchange during his sentencing hearing supports Rutan's argument.

THE COURT: Thirty-nine years of age. You stand before the Court having pled guilty to the charge of molestation of a juvenile. The range on that charge, given the category of molestation of a juvenile, is twenty-five years at hard labor to ninety-nine years. And that is without the benefit of probation, parole or suspension of sentence. Is that your understanding of the sentencing range, Mr. Rutan?

THE DEFENDANT: Yes, sir.

THE COURT: Is that the State's understanding of the sentencing range?

MR. HOLLAND: Yes, sir.

THE COURT: And it is the Court's understanding that the sentence, whatever the numerical amount of that sentence is, is to be served without benefit of probation, parole or suspension of sentence, correct?

The applicable provision of child molestation statute, La. R.S. 14:81.2(D)(1), only requires "at least" the first 25 years be served without benefit of parole, probation or suspension of sentence. As shown by the above excerpt from the transcript, the trial court incorrectly believed that it was required to prohibit Rutan's parole eligibility for the length of the entire sentence. Because the trial court might not have prohibited parole eligibility for the full 75-year sentence, had it properly read the statute, this case must be remanded for reconsideration of the parole eligibility restriction.

**Ineffective assistance of counsel**

Rutan argues that his trial counsel was ineffective because he did not file a motion to reconsider sentence, and in effect, that this omission prejudiced him by waiving his right to review regarding: (1) whether the trial court adequately articulated a factual basis for the sentence on the record; and (2) whether the trial court was incorrect in its interpretation of parole eligibility restriction.

6

This opinion disposes of both issues. As stated previously, the parole eligibility restriction on Rutan's sentence is vacated, and this case is remanded for redetermination of the length of Rutan's parole ineligibility in accordance with this opinion. Second, the record adequately supports Rutan's sentence, even though the trial judge did not give an explanation of his view of the applicability or inapplicability of each sentencing factor under La. C.Cr.P. art. 894.1. In light of this opinion, Rutan's trial counsel's failure to file a motion to reconsider sentence on the aforementioned grounds caused Rutan no prejudice. Rutan is denied a hearing on the alleged ineffectiveness of counsel, and is denied resentencing except as provided herein regarding the parole eligibility restriction.

**Notice of the sex offender notification and registration requirements as required by La. R.S. 15:543.**

The record reveals that the trial court did not comply with the statutory sex offender notification requirements. Molestation of a juvenile is a sex offense as defined by La. R.S. 15:541, and La. R.S. 15:542 provides registration requirements for convicted sex offenders. Pursuant to La. R.S. 15:543(A), the trial court must, on the record, give a convicted sex offender the prescribed notice of the sex offender registration requirements:

> The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter. For purposes of this Subsection, the court shall use the form contained in R.S. 15:543.1 and shall provide a copy of the registration and notification statutes to the offender. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders. If the offender is not sentenced to incarceration, then the court shall notify the bureau of the conviction of the offender.

The record does not reflect the trial court providing Rutan with the prescribed written notice of his obligation to register as a sex offender. Therefore, this matter must be remanded for the trial court to provide the appropriate written notice to the defendant of the sex offender registration requirements, and to confirm the written notification on the record. *State v. Barrett*, 51,921 (La. App. 2 Cir. 4/11/18), 247 So. 3d 164, *writ denied*, 18-0744 (La. 2/18/19), 265 So. 3d 770; *State v. Williams*, 49,249 (La. App. 2 Cir. 10/1/14), 149 So. 3d 462, *writ denied*, 14-2130 (La. 5/22/15), 173 So. 3d 1167; *State v. Hough*, 47,308 (La. App. 2 Cir. 8/1/12), 103 So. 3d 477, *writ denied*, 12-1936 (La. 3/8/13), 109 So. 3d 357.

## CONCLUSION

Rutan's conviction and his sentence of 75 years at hard labor is **AFFIRMED**. His sentence, though not excessive in any regard, is **VACATED** as to the parole eligibility restriction, only, and is **REMANDED** for the trial court to reconsider the restriction of parole eligibility in light of this opinion. The trial court is also **INSTRUCTED** to provide Rutan with written notice of the sex offender registration requirements, and to document on the record that the notice was given.