Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,582-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JESSE LEE SILAS, II                          Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 20-CR-31241

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT             Counsel for Appellant
By: Edward K. Bauman

JESSE LEE SILAS, II                          Pro Se

CHARLES B. ADAMS                         Counsel for Appellee
District Attorney

LEA R. HALL, JR.
LISA D. LOBRANO
Assistant District Attorneys

* * * * *

Before THOMPSON, ROBINSON, and MARCOTTE, JJ.

**THOMPSON, J.**

Jesse Lee Silas, II, appeals his conviction for first degree rape, family member victim under thirteen, and sentence to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Silas' appellate counsel has filed a motion to withdraw, along with an *Anders*[1] brief, asserting there are no nonfrivolous issues upon which to base an appeal. In a pro se brief, Silas argues that the State failed to present sufficient evidence to support the jury's verdict, and that the district court erred in allowing the State's expert in child sexual abuse to testify. For the reasons provided in greater detail below, appellate counsel's motion to withdraw is granted, Silas' conviction and sentence are affirmed, and the case is remanded to the trial court with instructions.

## FACTS

On December 2, 2020, Jesse Lee Silas, II, was charged by bill of indictment with first degree rape of his daughter, E.S. (DOB 3/30/09), by having sexual intercourse with her without her consent because she was under the age of 13, in violation of La. R.S. 14:42(A)(4). Prior to trial, defense counsel objected to the State's withdrawal of a prior plea offer. The trial court concluded that the plea offer itself expressly provided that it could be withdrawn at any time. Additionally, the trial court admitted a videotape of an incriminating statement Silas made to Lt. Angela Bandy during his interview at the police station prior to his arrest. The trial court determined Silas' statement was freely and voluntarily given.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

On June 21, 2021, the jury trial began. Ni.S., Silas' oldest daughter, was 14 years old at the time of the trial. She testified that her mother, Rachel Silas, was absent most of the time, because she was having an affair with Silas' father, her paternal grandfather. Silas worked out of town for two weeks on, one week off. She testified that when she was four years old, Silas started sexually abusing her during the periods he was off work and at home. Silas also began abusing her younger sister, Na.S., who was three years old at the time. Ni.S. testified that her father would bring her and Na.S. to his bedroom, make them strip, and watch him touch himself. The abuse progressed from there; Silas would make the girls touch him, first with their hands and then with their mouths. Silas then started making the girls have anal sex with them, and eventually vaginal sex. Over time, their younger sister, E.S., was also brought into these abusive encounters. Silas forced his three daughters to perform sex acts, and watch each other participate in sex acts with him. Ni.S. testified that when Silas penetrated E.S. anally, she cried. Ni.S. also testified that when Silas was home from work, he had sex with at least one of the girls every day.

Ni.S. testified that one Sunday, she and her three sisters went to church with her paternal grandmother. While listening to a sermon about how God knew everything, Ni.S. became emotional and began to cry. Her grandmother asked her several questions to determine what was wrong. When her grandmother asked if her father had done anything to her, Ni.S. cried harder, which led her grandmother to suspect something was wrong. The next day, her grandmother called the police. Ni.S. gave a statement at the Gingerbread House and stated that she had not talked about the abuse with her sisters since the incident at church.

E.S., who was 12 years old at the trial, testified regarding an incident two weeks before her father was arrested. Everyone else in the house was asleep, and she and Silas were on the couch watching television. E.S. testified that her father tried to roll her over to have sex, and she refused. E.S. testified that Silas would make her put her mouth on his "private part" and then he would put his "private part" in her "rear end." E.S. testified that the abuse happened every time her father was home.

Lt. Angela Bandy of the DeSoto Parish Sheriff's Office testified that she observed the girls' interviews at the Gingerbread House. Lt. Bandy testified that Silas gave a voluntary, videotaped statement after she read his Miranda rights to him. Once Silas admitted during his interview that he had put his penis in his daughter's mouth, he was not free to leave the police station. Silas expressed to her that he was abused as a child by a family member. Upon the conclusion of the interview, Silas was arrested. Lt. Bandy testified that the children's Gingerbread House interviews revealed they did not hate their father, but they just wanted the abuse to stop.

Dr. Jennifer Olson Rodrigues, a pediatrician at the Cara Center, conducted physical examinations of all three girls. One reported pain in her bottom, one reported pain during urination, and one reported a stomach ache. Dr. Rodrigues testified that the physical symptoms the girls disclosed were consistent with sexual abuse in children. Dr. Rodrigues testified that the girls had normal physical exams, but this was not uncommon with abuse victims, especially when they are put through a grooming process.

On June 23, 2021, after less than 20 minutes of deliberation, the jury returned a unanimous verdict of guilty as charged. On December 15, 2021,

Silas was sentenced to life in prison at hard labor, without benefit of probation, parole, or suspension of sentence. This appeal followed.

## DISCUSSION

Silas' appellate counsel filed a motion to withdraw and an *Anders* brief asserting that, after a thorough review of the entire record, no nonfrivolous issues remained for appeal. *See Anders, supra; State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241; *State v. Mouton*, 95-0981 (La. 04/28/95), 653 So. 2d 1176; *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990). Appellate counsel's brief outlines the procedural history of the case, provides a statement of the facts, and contains a detailed and reviewable assessment for both Silas and this Court regarding whether the appeal is worth pursuing.

In a pro se brief, Silas raises two assignments of error.

**Assignment of Error No. 1: Sufficiency of Evidence**

Silas argues that the State failed to present sufficient evidence to support the jury's verdict. Specifically, Silas contends there was no physical evidence to show the victim was sexually abused, and there was no evidence that proved there was any form of sexual abuse within Silas' home. Silas contends that his wife was having an extramarital affair with her father-in-law, which created motive for his wife to have the children make up stories about their father. Further, Silas contends that the testimony given by the victims was inconsistent, uncorroborated, and did not prove that any crime occurred beyond a reasonable doubt.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the case in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements

4

of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224, *writ denied*, 17-2174 (La. 10/8/18), 253 So. 3d 797.

The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Dale*, 50,195 (La. App. 2 Cir. 11/18/15), 180 So. 3d 528, *writ denied*, 15-2291 (La. 4/4/16), 190 So. 3d 1203. A reviewing court affords great deference to a trial court's decision to accept or reject the testimony of a witness in whole or in part. *State v. Steines, supra*. Thus, this court is charged with examining the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id*. In the absence of internal contradictions or irreconcilable conflict with physical evidence, the testimony of one witness is sufficient support for a requisite factual conclusion if that witness is believed by the trier of fact. *State v. Jones*, 31,613 (La. App. 2 Cir. 4/1/99), 733 So. 2d 127, *writ denied*, 99-1185 (La. 10/1/99), 748 So. 2d 434.

La. R.S. 14:42 provides in part:

(A) First degree rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.
….

5

(D) (1) Whoever commits the crime of first degree rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

The State contends that Silas makes no credible argument regarding the sufficiency of the evidence. We agree. Silas' argument regarding his wife and her father-in-law was known at the trial, and the jury nonetheless convicted. The testimony of the victim alone is sufficient support for the fact finder to conclude that the elements of first degree rape were satisfied. In this case, the victim's testimony was corroborated by her sister's testimony at trial. Further, Silas admitted to sexually abusing his daughters during his interview with Lt. Bandy. Considering the facts in a light most favorable to the prosecution, any rational trier of fact could conclude that Silas' conduct satisfied the elements necessary for a conviction of first degree rape. For the reasons outlined above, this assignment of error lacks merit.

**Assignment of Error No. 2: The district court erred in allowing Dr. Jennifer Olson Rodrigues to testify as an expert witness.**

Silas next argues that the district court erred in allowing Dr. Jennifer Olson Rodrigues to testify as an expert witness in the field of child sexual abuse. Silas argues that her testimony constituted "junk science" and unduly bolstered the victim's testimony, causing the jury to give the victim's testimony more weight than it would have otherwise received. In his brief, Silas seems to challenge Dr. Rodrigues' methods and their scientific validity, and claims her testimony does not pass the *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) threshold test for scientific validity. In response, the State contends that Dr. Rodrigues' testimony did not speculate on the credibility of any witness, and

she gave no psychological testimony. The State contends that Dr. Rodrigues only testified regarding the physical effects of sexual abuse of children. The record reveals that no contemporaneous objection was made to Dr. Rodrigues' testimony at trial, nor was a pretrial motion in limine filed for the purpose of limiting such testimony

The factual basis for an expert opinion determines the credibility of the testimony. It is the responsibility of the opposing party to explore the factual basis for the opinion and thus, determine its reliability. *Leard v. Schenker*, 06-1116 (La. 6/16/06), 931 So. 2d 355. Thus, the failure to raise an objection to the admissibility and reliability of expert testimony constitutes a waiver of such an objection. A contemporaneous objection to the disputed evidence must be entered on the trial record in order to preserve the objection for appellate review. La. C.E. art. 103(A)(1); *Evans v. Terrell,* 27,615 (La. App. 2 Cir. 12/6/95), 665 So. 2d 648, *writ denied,* 96-0387 (La. 5/3/96), 672 So. 2d 695. Furthermore, when the objecting party fails to request an evidentiary "gatekeeping" hearing under the rationale of *Daubert*, his objections to the admissibility of an expert witness' testimony under *Daubert* are not preserved for appeal. *Brown v. Schwegmann*, 05-0830 (La. App. 4 Cir. 4/25/07), 958 So. 2d 721, *writ denied*, 07-1094 (La. 9/21/07), 964 So. 2d 333.

Because a contemporaneous objection was not entered on the trial record, Silas' objection to Dr. Rodrigues' expert testimony was not preserved for appellate review. Accordingly, this assignment of error also lacks merit.

7

**ERROR PATENT**

In accordance with La. C. Cr. P. art. 920, the record has been reviewed for errors patent. First degree rape is a sex offense as defined by La. R.S. 15:541, and La. R.S. 15:542 provides mandatory registration requirements for sex offenders. La. R.S. 15:543(A) provides:

> The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter. For purposes of this Subsection, the court shall use the form contained in R.S. 15:543.1 and shall provide a copy of the registration and notification statutes to the offender. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders.

The record does not show that the trial court provided Silas with oral or written notice of his obligation to register as a sex offender. Therefore, we remand this case to the trial court to provide the appropriate written notice to Silas of the sex offender registration requirements, and to confirm the written notification on the record. *State v. Barrett*, 51,921 (La. App. 2 Cir. 04/11/18), 247 So. 3d 164; *State v. Williams*, 49,249 (La. App. 2 Cir. 10/01/14), 149 So. 3d 462, *writ denied*, 14-2130 (La. 05/22/15), 173 So. 3d 1167; *State v. Hough*, 47,308 (La. App. 2 Cir. 08/01/12), 103 So. 3d 477, *writ denied*, 12-1936 (La. 03/08/13), 109 So. 3d 357.

**CONCLUSION**

For the foregoing reasons, appellate counsel's motion to withdraw is granted, Jesse Lee Silas, II's, conviction and sentence are affirmed, and the case is remanded for the trial court to provide Silas with written notice of the sex offender registration requirements with confirmation thereof on the record.

8

**MOTION GRANTED, CONVICTION AND SENTENCE**

**AFFIRMED, and CASE REMANDED**.